# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARY BREAUX                                            CIVIL ACTION

VERSUS

                                                                 NO. 18-52-JWD-RLB

OUR LADY OF THE LAKE
HOSPITAL, INC.

## ORDER

Before the Court is Plaintiffs' Motion for Reimbursement of Service Expenses and Related Attorneys Fees. (R. Doc. 11). The motion is opposed. (R. Doc. 14).

On January 23, 2018, Mary Breaux ("Plaintiff") filed a Complaint under the Americans with Disabilities Act and Rehabilitation Act, naming as the sole defendant Our Lady of the Lake Hospital Inc. ("Defendant"). (R. Doc. 1).

On January 25, 2018, Plaintiff's counsel sent a request for waiver of service to defense counsel, Douglas K. Williams. (R. Doc. 11-4).

On January 30, 2018, Mr. Williams informed Plaintiff's counsel that he was "not able to accept or waive service" for Defendant and directed Plaintiff's counsel to "have service made on the agent for the hospital." (R. Doc. 11-5).

On April 9, 2018, Plaintiff's counsel served Defendant through its registered agent. (R. Doc. 7).

Plaintiff now seeks to recover expenses and fees in the amount of $520.50 ($80 in service expenses plus $440.50 in attorney's fees) pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (R. Doc. 11). Plaintiff argues that while Mr. Williams is not Defendant's "official registered agent," he had authority to waive service on behalf of Defendant as a "managing or general agent" pursuant to Rule 4(d)(1)(A)(ii). (R. Doc. 11-1 at 3). Defendant opposes the

motion on the basis that Mr. Williams was not authorized to accept service of process on January 25, 2018, as he "had yet to be assigned to this case by Defendant" and, accordingly, did not have the authority to execute the waiver of service. (R. Doc. 14 at 1-2).

Rule 4(d) provides that a plaintiff may notify "a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Where a plaintiff requests a waiver of service from a corporation, partnership, or association subject to service under Rule 4(h), the plaintiff must address the notice and request "to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Among other things, the notice and request must be accompanied by "a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

"An agent must be expressly appointed for the purpose of receiving service." *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 508 (E.D. La. 1985) (citations omitted). "[S]ervice of process is not effectual on an attorney solely by reason of his capacity as [a party's] attorney." *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971); *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service. Instead, the record must show that the

attorney exercised authority beyond the attorney-client relationship, including the power to accept service.") (citations omitted); *Davis-Wilson*, 106 F.R.D. at 508 ("Service cannot generally be made on an attorney retained by a corporate defendant, unless the attorney has been specially authorized and designated by defendant to receive service of process."); *Chalmers v. City of Dallas*, No. 14-36, 2014 WL 1778192, at *2 (N.D. Tex. May 5, 2014) ("[A]n attorney is not considered an authorized agent for service of process absent express or implied authorization.").

Plaintiff has not set forth any evidence that Mr. Williams was an agent authorized by Defendant, or else by law, to accept or waive service on Defendant's behalf in this particular action at the time Plaintiff's counsel sought to obtain a waiver of service. Mr. Williams' previous engagements with Defendant are insufficient to support a finding that Mr. Williams had the authority to accept or waive service in this particular action on January 25, 2018. In sum, Plaintiff has not established that Mr. Williams exercised any authority to accept or waive service on behalf of Defendant in this particular action.

Accordingly,

**IT IS SO ORDERED** that Plaintiff's Motion for Reimbursement of Service Expenses and Related Attorney's Fees (R. Doc. 11) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 23, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**